UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:12-CV-081-KSF

BEN VASSEGHI                                                                                    PETITIONER

VS:                     **MEMORANDUM OPINION AND ORDER**

DEBORAH A. HICKEY, Warden,                                                    RESPONDENT

\*\*   \*\*   \*\*   \*\*   \*\*

    Ben Vasseghi is an inmate currently confined in the Federal Medical Center in Lexington, Kentucky. Proceeding without counsel, Vasseghi has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 [R. 1] and has paid the $5.00 filing fee. Vasseghi's petition concerns a disciplinary conviction for disrupting the security of the institution (interfering with any security device), a Code 299 Offense. Vasseghi contends that his conviction violated his due process rights because there was insufficient evidence to support the charge, and he seeks a court order expunging his disciplinary conviction and reversing the sanctions imposed.

    The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny habeas relief "if it plainly

appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to Section 2241 petitions pursuant to Rule 1(b)). Otherwise, the Court may resolve the petition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). The Court has reviewed the record, and concludes that Vasseghi's conviction was supported by "some evidence." The Court will therefore deny his petition for the reasons set forth more fully below.

On August 19, 2009, Vasseghi was charged with committing the subject Code 299 violation on August 18, 2009. On August 27, 2009, a Discipline Hearing Officer ("DHO") conducted a hearing on the charge. In a report issued on November 12, 2009, the DHO found Vasseghi guilty of the charged offense. In Section V of his report, the DHO explained the basis for his decision, stating as follows:

> Your due process rights were reviewed with you by the DHO at the time of your hearing. You stated you understood your rights and had no documentary evidence to present. You requested the services of a staff representative and J Miles, Case Manager, appeared. The DHO notes you called two witnesses to testify during your hearing.
>
> The DHO finds you committed the prohibited act of conduct which disrupts the security of the institution, Code 299, most like, interfering with any security device, Code 208. The finding is based in part on the written statement of D. Greer, Control Officer, who attests on 08-18-09 at 8:26 PM, after resetting the perimeter fence alarm twice in Zone 12, I zoomed security camera 12 covering the recreation yard in on Zone 12. I then observed inmate Vasseghi #54428-019, reach out and drag his right hand across the perimeter fence in Zone 12, setting off the perimeter fence alarm once again. Keeping the camera on inmate Vasseghi, I then notified the Operations Lieutenant, both Perimeter Patrol vehicles, and the Outside REC Officer. Once relieved from the Control Center I went to the Lieutenant's [office] and identified inmate Vasseghi #54428-019, as the inmate dragging his hand across the perimeter fence and setting off the perimeter fence alarm.

The DHO notes there was no video footage of an exculpatory nature concerning this incident.

I considered the favorable statements of your requested witnesses. However, your own ambiguous statements throughout the discipline process failed to lend credibility to what they had to say, that is, your statement to the investigating officer of, "I may have brushed against the fence once, but it was not on purpose. I walked by some inmates and may have brushed against it to get past them." Then your statement to me that, "I don't recall if I ever touched the fence. I simply don't remember." The DHO notes your unwillingness to provide specifics concerning the incident lessons [sic] your credibility. In other words, it's not reasonable to believe you would be so forgetful in regards to an incident so serious, given the adverse consequences.

I find it relevant Officer Greer provided a detailed report concerning your behavior as he observed it through a security camera in the control center, that is, he testified, after resetting the perimeter fence alarm twice in Zone 12, he zoomed security camera 12 covering the recreation yard in on Zone 12. He then observed you reach out and drag your right hand across the perimeter fence in Zone 12, setting off the perimeter fence alarm once again. I find it noteworthy, Officer Greer zoomed the security camera in on you for identification. He was so confident in what he observed, he notified the Operations Lieutenant and then the perimeter patrol officers of your behavior. Additionally, after you drug your hand across the fence, the fence alarm activated and he had to reset the alarm. The activation of the alarm in Zone Twelve further evidenced to him your behavior to touch or drag your hand across the perimeter fence.

I find it noteworthy, Officer Greer has been trained regarding inmate accountability and the identification of inmates. He has a legal and moral obligation to tell the truth and has absolutely nothing to gain by falsifying his account of the incident. Once relieved, he went to the Lieutenant's office and identified you as the inmate who was tampering with the perimeter fence. You have provided no evidence he identified the wrong inmate. I believe your ambiguous statements were an attempt by you to minimize your culpability. However, the DHO finds the eye-witness account of Officer Greer more credible than your half-hearted denial.

Therefore, the DHO finds the greater weight of the above listed evidence supports you committed the prohibited [act] of conduct which disrupts the security of the institution, Code 299, most like, interfering with any security device, Code 208.

> The DHO notes there was a delay in the issuance of this report because of the number of incident reports referred to the DHO, Circuit Responsibilities, and other administrative duties.

[R. 1-1, pp. 2-3] The DHO imposed the following sanctions: (a) 30 days in disciplinary segregation; (b) disallowance of 27 days of his good conduct time; (c) loss of visiting privileges for 180 days; and (d) loss of telephone privileges for 180 days. [R. 1-1, p. 3]

Vasseghi appealed the DHO's finding to the BOP's Regional Office, the Mid-Atlantic Office for Regional Appeals ("MARO"), asserting that he did not commit the prohibited act and requesting the expungement of the incident report. On August 5, 2010, the MARO denied his appeal, finding that the DHO's conclusion that Vasseghi had intentionally brushed the fence line was supported by the greater weight of the evidence. [R. 1-1, p. 20] The BOP's Central Office affirmed that decision on the same grounds on January 21, 2011. [R. 1-1, p. 40]

When a prison disciplinary board takes action that results in the loss of good time credits in which the prisoner has a vested liberty interest, the Due Process Clause requires prison officials to observe certain protections for the prisoner. Specifically, the prisoner is entitled to advanced notice of the charges, the opportunity to present evidence in his or her defense, whether through live testimony or documents, and a written decision explaining the grounds used to determine guilt or innocence of the offense. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). Further, the board's findings used as a basis to revoke good time credits must be supported by some evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). To determine whether a DHO's decision is supported by "some evidence," the Court does not conduct an independent review of the evidence or assess the credibility of witnesses, it asks only

4

"whether there is *any* evidence in the record that *could* support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56; *see also Sarmineto v. Hemingway*, 93 F. App'x 65, 68 (6th Cir. 2004) (credibility determinations of hearing officers cannot be disturbed on appeal).

The record in this case demonstrates that the evidence relied upon by the DHO was sufficient to satisfy due process concerns. The DHO considered (a) the favorable statements of Vasseghi's two witnesses that he did not commit the charged offense, (b) Vasseghi's statement to the investigating officer that he may have brushed up against the security fence inadvertently, (c) Vasseghi's statement to the DHO that he simply did not remember, and (d) the investigating officer's report.[1] For the reasons stated in his report, the DHO placed greater weight on the investigating officer's report, which included a direct eyewitness identification of Vasseghi by a prison officer. Upon consideration of all of the evidence, he found Vasseghi guilty of the offense. Vasseghi's protestations to the contrary, there was ample evidence, albeit conflicting, in the record to support the DHO's finding that Vasseghi was guilty of the charged offense. *See Bachelder v. Patton*, No. 06-cv-148-HRW, 2007 WL 108415(E.D. Ky. 2007) ("the law is clear that a DHO need not accept what the inmate perceives to be the 'best evidence' or the most convincing or persuasive set of facts . . . there need only be 'some evidence' to support disciplinary decision.")

---

[1] It is noteworthy that on August 18, 2009, two different officers identified two different inmates as having set off the alarm on this perimeter security fence. Officer B. Blair reported an incident of a unidentified African-American male inmate of dark complexion who had stumbled and fallen into the fence, and Officer Greer's report identified Vasseghi, who is not an African-American, as having dragged his right hand across the fence.

5

Accordingly, **IT IS ORDERED** that:

1. Vasseghi's petition for writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

This September 25, 2012.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge